IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE SOLUTIONS TEAM, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 17 CV 1879 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| OAK STREET HEATH, MSO, LLC, ) | |
| FOCUS SOLUTIONS, LLC, and ) | Magistrate Judge Jeffrey I. Cummings |
| BRUCE SCHAUMBERG, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

On September 25, 2019, plaintiff The Solutions Team, Inc. ("TST") filed a motion to compel (Dkt. 60) seeking an order requiring defendant Oak Street Health, MSO, LLC ("Oak Street") to answer certain interrogatories, respond to certain document requests, and produce documents and/or unredacted copies of documents that were withheld based on an assertion of attorney-client privilege. After Oak Street filed its response (Dkt. 75), this Court held a motion hearing on November 21, 2019, ordered Oak Street to produce certain additional documentation sought by TST (namely, all contracts between Oak Street and CenturyLink dated from 2016 through the present), and otherwise denied TST's requests for supplemental answers and responses to its interrogatories and production requests (Dkt. 86). This Court further ordered Oak Street to submit for an *in camera* review documents that it refused to produce to TST based on its assertion that the documents are protected by the attorney-client privilege (Dkt. 86).

On December 19, 2019, the Court held a second hearing on TST's motion. The Court ruled that certain documents concerning communications with Oak Street's in-house counsel Lee Lowenthal and other documents involving communications between non-attorney employees of

1

Oak Street that reflected either information communicated to attorney Lowenthal for the purpose of receiving legal advice or legal advice rendered by him were indeed protected by the attorney-client privilege and were properly withheld (Dkt. 93). The Court also ordered that three other documents should be produced to TST because they contained discussions of business practices and not legal advice (Dkt. 93).

Finally, the Court took under advisement the question of whether Oak Street waived its attorney-client privilege over documents that were shared with defendant Bruce Schaumberg – who is not an employee of Oak Street. This issue is governed by Illinois law in this diversity case and Oak Street bears the burden of establishing that the documents are privileged. *Huntington Chase Condo. Ass'n v. Mid-Century Ins. Co.,* No. 16 C 4877, 2017 WL 440730, at *2 (N.D.Ill. Feb. 1, 2017). Oak Street makes a two-pronged argument based on principles of agency and the common interest doctrine to support its position that it did not waive its attorney-client privilege by sharing the documents with Schaumberg.

### I. Schaumberg's Agency with Oak Street Avoided Waiver of Oak Street's Attorney-Client Privilege.

Oak Street asserts that Schaumberg acted as its agent with respect to its relationship with TST. Under Illinois law, the attorney-client privilege protects communications between a non-employee agent and a corporation if the agent is a member of the corporate principal's control group. *Caremark, Inc. v. Affiliated Computer Servs., Inc.,* 192 F.R.D. 263, 267 (N.D.Ill. 2000); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* No. 00 C 1926, 2000 WL 1898518, at *5 (N.D.Ill. Dec. 20, 2000). To make this showing, a corporation must establish that:

> (1) the non-employee agent served as an advisor to top management of the corporate client; (2) this advisory role was such that the corporate principal would not normally have made a decision without the agent's opinion or advice; and (3) the agent's opinion or advice in fact formed the basis of the final decision made by those with actual authority within the corporate principal.

2

*Caremark,* 192 F.R.D. at 267; *Trustmark,* 2000 WL 1898518, at *3. Furthermore, even if a non-employee is not a member of the corporation's control group, the corporation's privilege remains intact if the non-employee serves as a "communicating agent" between control group members and legal counsel. *Certain Underwriters at Lloyds v. Fid. & Cas. Co. of New York,* No. 89 C 876, 1997 WL 769467, at *2 (N.D.Ill. Dec. 9, 1997).

In its response, Oak Street submitted the declarations of Jason Van Den Eeden (its Chief Technology Officer) and Schaumberg (Dkt. 75-1) to support its argument that Schaumberg was its "communicating agent" and that he was also a member of its control group under the above test. In its reply brief, TST strongly denies that Schaumberg was ever an agent of Oak Street because he "never took on the indicia of an . . . agent" and was "merely an independent contractor providing consulting services to Oak Street" (Dkt. 91 at 6). TST further asserts that Schaumberg was neither a "communicating agent" nor a member of Oak Street's control group.

After considering the parties' written submissions and their arguments on December 19, the Court finds as follows:

First, the factual record provided by Oak Street's declarations establishes that Schaumberg acted as Oak Street's agent with respect to its dealings with TST. Moreover, even if this evidence were not considered, TST would be barred from disputing the fact of Schaumberg's agency by its second amended complaint, where TST alleges that "Schaumberg was acting as an agent of Oak Street Health" during the course of a series of communications between September 2016 and mid-January 2017 (Dkt. 67, at ¶¶ 119, 118). This allegation regarding Schaumberg's agency is a judicial admission that is "binding" upon TST. *Soo Lin R.*

3

*Co. v. St. Louis Sw. Ry. Co.,* 125 F.3d 481, 483 (7th Cir. 1997), *quoting Keller v. United States,* 58 F.3d 1194, 1198 n.8 (7th Cir. 1995).[1]

Second, the Court finds that Oak Street has failed to carry its burden of proof of establishing that Schaumberg was a "communicating agent" *between* control group members *and* legal counsel as the case law requires. *See Certain Underwriters at Lloyds*, 1997 WL 769467, at *2. In *Lloyds,* the case Oak Street relies upon, the court found that the attorney-client privilege was not waived where "the communicating agent served to 'facilitate, control and maintain' privileged communications with Chicago counsel" and the "agent formed the only effective way for Chicago Counsel to communicate with all of plaintiffs entities." *Id.* There is no evidence that Schaumberg played such a role here. Consequently, his communications with TST on Oak Street's behalf (Dkt. 75 at 13), are insufficient to invoke the "communicating agent" exception to the waiver of privilege.

Finally, the Court finds that the factual record provided by Oak Street's declarations establishes that Schaumberg meets the corporate control group test for agency. In particular, Van Den Eeden avers that: (i) Schaumberg spent "extensive time" consulting with Oak Street executives including Chief Financial Officer James Chow, Chief Operating Officer Geoff Price, and Vice President of Information Technology Keith Forshaw "about whether to terminate the TST contract before it automatically renewed and instead engage a new vendor"; (ii) Van Den Eeden and Forshaw "were both directly involved in the decision to terminate Oak Street Health's contract with TST"; (iii) in making this decision, Van Den Eeden and Forshaw "heavily relied on Schaumberg's expertise and recommendations"; and (iv) Oak Street's executives would not have

---

[1] The Court is not persuaded by TST's effort to back away from its admission regarding Schaumberg's agency during the December 19 hearing. TST is bound by this admission so long as the second amended complaint – which TST filed *after* it filed its motion to compel – remains the operative pleading.

4

made a decision of this nature without consulting with Schaumberg, and they relied on his advice and insights in coming to their decision with respect to TST (Dkt. 75-1 at 3). Thus, contrary to TST's assertion (Dkt. 91 at 12), there is evidence in Van Den Eeden's declaration that Schaumberg contributed to "decision-making on a legal issue," namely, the termination of Oak Street's contract with TST.

In sum, for these reasons, the Court finds that Oak Street has established that Schaumberg had an agency relationship of sufficient substance and character to preserve its attorney-client privilege over documents shared with him.

## II.  The Common Interest Doctrine Preserves Oak Street's Attorney-Client Privilege.

Oak Street, in the alternative, argues that the common interest doctrine preserves its attorney-client privilege over documents shared with Schaumberg even if Schaumberg lacked an agency relationship with Oak Street. The Court agrees. "Under the common interest doctrine . . . the disclosure of privileged material to a third party will not result in waiver if the parties share a common interest in the case." *Costello v. Poisella,* 291 F.R.D. 224, 231 (N.D.Ill. 2013) (internal quotation marks omitted). As the Seventh Circuit has explained, the common interest doctrine applies "where the parties undertake a joint effort with respect to a common legal interest" and is "limited strictly to those communications made to further an ongoing enterprise." *United States v. BDO Seidman LLP,* 492 F.3d 806, 816 (7th Cir. 2007). Nonetheless, "communications need not be made in anticipation of litigation to fall within the common interest doctrine." *Id.*

In this case, Oak Street and Schaumberg share a common legal interest: namely, in avoiding litigation and liability in connection with Oak Street's decision to terminate its contract

with TST. TST did not address the common interest doctrine in its reply brief, and the Court finds that Oak Street's argument on the point is persuasive.

### III. Only Documents Protected By Oak Street's Attorney-Client Privilege Are Shielded From Disclosure To TST.

Although the Court has found that Oak Street did not waive its attorney-client privilege by sharing documents with Schaumberg, only documents that Oak Street has shown were protected by its attorney-client privilege in the first instance are shielded from disclosure to TST. After an *in camera* review, the Court finds (with the exceptions listed below) that Oak Street has met its burden of establishing that the attorney-client privilege protects most of the documents listed on page six of TST's motion in the category "(3) Communications disclosed to a third party, *i.e.,* Bruce Schaumberg" (Dkt. 60 at 6), because the documents involve either: (a) communications with attorney Lowenthal in which the non-attorneys sought legal advice or provided information as part of their effort to seek legal advice; or (b) communications between non-attorneys in which confidential legal advice was discussed; or (c) communications between non-attorneys that appear to reveal, directly or indirectly, confidential legal advice. *See United States v. White,* 970 F.2d 328, 334-35 (7th Cir. 1992); *Schmalz v. Village of North Riverside,* No. 13 C 8012, 2018 WL 741395, at *2 (N.D.Ill. Feb. 7, 2018), *reconsideration granted in part on other grounds,* 2018 WL 1138552 (N.D.Ill. March 2, 2018); *Crabtree v. Experian Info. Solutions, Inc.,* No. 1:16-CV-10706, 2017 WL 4740662, at *1-2 (N.D.Ill. Oct. 20, 2017); *Cf. Baker v. Kingsley,* No. 03 C 1750, 2007 WL 7302630, at *7 (N.D.Ill. Feb. 5, 2007) (document not privileged where it "does not contain any attorney comments and does not appear to reveal, either directly or indirectly, confidential legal advice . . . [and does not] appear to be a request for legal advice or to have been provided to counsel for purposes of securing legal advice").

The remaining documents at issue were produced in redacted form by Oak Street because they contained communications between non-attorneys regarding their intent to seek legal advice. Although the Seventh Circuit has yet to address the issue of whether the attorney-client privilege extends to communications between non-attorneys about contacting an attorney, courts from this Circuit have addressed the question and held that the privilege does not stretch this far. *See United States ex rel. Schutte v. Supervalu, Inc.,* No. 11-CV-3290, 2018 WL 2416588, at *2-3 (C.D.Ill. May 29, 2018); *Equity Residential v. Kendall Risk Mgmt., Inc.,* 246 F.R.D. 557, 568 (N.D.Ill. 2007).

This Court finds the reasoning in *Schutte* and *Equity Residential* to be persuasive. The attorney-client privilege "is in derogation of the search for truth . . . and this circuit has repeatedly held that it must be strictly confined." *White,* 970 F.2d at 334 (citations omitted). Because the communications between the non-attorneys reflecting their intent to seek legal advice reflect neither communications to an attorney nor legal advice from one, the application of the privilege is not necessary to "protect full and frank communications with the attorney." *Schutte,* 2018 WL 2416588, at *2-3. Furthermore, the non-attorneys involved in these communications do not appear to be agents of the attorneys. *See Equity Residential,* 246 F.R.D. at 568. Consequently, the Court finds that Oak Street has failed to establish the existence of an attorney-client privilege over documents containing communications between non-attorneys that reflected their intent to seek legal advice. These documents were produced to TST in redacted form and are bates-stamped OSH_003489-3492; OSH_003501-3504; OSH_003508-3512;

OSH_003514-3518.[2]  The Court orders Oak Street to produce these documents to TST in unredacted form by the close of business on January 8, 2020.

## Conclusion

For all of the above reasons and the reasons previously stated in open court on November 21 and December 19, 2019, plaintiff The Solutions Team, Inc.'s motion to compel is granted in part and denied in part.

                         **ENTERED:**

                         _/s/ Jeffrey I. Cummings_

                         **Jeffrey I. Cummings**
                         **United States Magistrate Judge**

**Dated: January 2, 2020**

---

[2] The Court notes that another document that is listed on Oak Street's privilege log as entry number 28 for the stated reason that it reflects the intent of two non-attorneys (Schaumberg and Forshaw) to seek legal advice is nonetheless covered by the attorney-client privilege because it appears to reveal, either directly or indirectly, confidential legal advice that Oak Street had previously received.